**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**GARRETT EUGENE RAY**                                                     **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 1:10cv572-HSO-JMR**

**ADAM GIBBONS and
ALLEN WEATHERFORD**                                         **DEFENDANTS**

**REPORT AND RECOMMENDATION:**

BEFORE THE COURT are Plaintiff's Motions [18-1, 19-1] for Default Judgment as to the Defendants, both of which were filed on April 7, 2011. To date, the Defendants have not filed responses in opposition. After considering the Motions and all pleadings of the record, in conjunction with the applicable law, the Court finds that Plaintiff's Motions [18-1, 19-1] are not well-taken and should be denied.

On December 16, 2010, Plaintiff, Garrett Ray, filed this *pro se* § 1983 action against Defendant Adam Gibbons and the Gulfport Police Department, alleging an unlawful arrest. On February 3, 2011, Plaintiff replaced Gulfport Police Department as a defendant in this cause with Defendant Allen Weatherford, Chief of Police for the Gulfport Police Department, and added an unlawful search claim to his Complaint. (*See* Resp. [11-1].) On March 3, 2011, summonses were issued as to the Defendants Adam Gibbons and Allen Weatherford. (*See* Summons [16-1] Issued.) Before the United States Marshal's Service returned the summonses as to the Defendants, Plaintiff filed the present Motions [18-1, 19-1] for Default Judgment on April 7, 2011.

On April 21, 2011, the USMS returned both summonses as to Defendants Gibbons and Weatherford. (*See* Returned [22-1, 23-1] Summonses.) Defendant Gibbons was served with process

on March 31, 2011. (Returned [23-1] Summons 2.) To date, Defendant Weatherford, however, has not been served with process; his summons was returned unexecuted. (*See* Returned [22-1] Summons.)

Federal Rule of Civil Procedure 12(a)(1)(A)(i) provides that a defendant must serve an answer within twenty-one (21) days after being served with the summons and complaint. However, a served motion alters this time period; an answer or responsive pleading becomes due within fourteen (14) days after the Court takes action on the served motion. FED.R.CIV.P. 12(a)(4)(A).

As previously stated, Defendant Gibbons was served with summons on March 31, 2011. Thus, Defendant Gibbons' answer, or other responsive pleading, was due on April 21, 2011. Defendant Gibbons filed a Motion [20-1] to Dismiss Pursuant to Rule 12 and/or 56 or Other Grounds on April 19, 2011, two days before the deadline. Pursuant to Rule 12, Defendant Gibbons' answer to Plaintiff's complaint presently is not due until after the Court takes action on Defendant Gibbons' Motion to Dismiss. Furthermore, as noted previously, Defendant Weatherford, to date, has not been served with summons or a copy of Plaintiff's complaint. Therefore, his answer to Plaintiff's complaint is currently not due.

Defendant Gibbons had until April 21, 2011, to file his answer or otherwise defensive pleading to Plaintiff's complaints. Federal Rule of Civil Procedure 55 provides the mechanism for enforcing a defendant's time limit in responding to a complaint by allowing a plaintiff to move for entry of default and default judgment. Specifically, Rule 55(a) states:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

FED.R.CIV.P. 55(a). As discussed above, Defendant Gibbons timely filed a Motion to Dismiss, and his answer to Plaintiff's complaint is currently not due until the Court takes action on the motion.

Additionally, Defendant Weatherford has yet to be served with process or a copy of Plaintiff's complaint. Thus, this Court finds that Plaintiff is not entitled to Default Judgment pursuant to Rule 55. Accordingly, the Court recommends that Plaintiff's Motions [18-1, 19-1] for Default Judgment be denied.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).[1]

This the   6th   day of June, 2011.

                                     s/ John M. Roper, Sr.
                              CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.