**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**GARRETT EUGENE RAY, #R5536**                              **PLAINTIFF**

**VS.**                                                  **CIVIL ACTION NO. 1:10-CV-572-HSO-JMR**

**CITY OF GULFPORT POLICE DEPARTMENT, ET AL.**        **DEFENDANTS**

**REPORT & RECOMMENDATIONS**

This matter comes before the Court pursuant to a Motion [20] to Dismiss Pursuant to FED. R. CIV. P. 12 and/or 56 or Other Grounds filed by Defendant Detective Adam Gibbons (hereinafter "Defendant") on April 19, 2011. The Defendant's Motion [20] is accompanied by a Memorandum [21] in Support thereof. Plaintiff filed a Response [24] in Opposition on May 10, 2011. The Defendant filed a Rebuttal [25] and an accompanying Memorandum [26] in Support on May 10, 2011.

The Court, being fully advised of the premises, and after careful consideration of the pleadings filed as a matter of record, along with the applicable law, recommends that Defendant's Motion [20] to Dismiss be granted and all claims against Defendant Gibbons be dismissed with prejudice.

**STATEMENT OF THE CASE**

On August 24, 2010, the Defendant arrested the Plaintiff pursuant to an arrest warrant issued by the Mississippi Department of Corrections (hereinafter "MDOC") on August 20, 2010. *See* "Ex.

E" attached Mot'n [20-5] 1. The warrant was issued based upon a field officer's belief that the Plaintiff had violated his earned release certificate by pleading guilty to charges of a "seatbelt violation" and "intimidating, obstructing officers or witness." *Id;* MISS. CODE ANN. § 47-7-27.

Plaintiff filed the instant Complaint [1] on December 16, 2010. In the Complaint [1], Plaintiff alleges he was arrested illegally by the Defendant in violation of his Fourth and Fourteenth Amendment rights.[1] In addition, the Plaintiff makes a claim for an illegal search of his father's home. However, the illegal search and seizure claim was voluntarily terminated by the Plaintiff in his Response [24]. Resp. [24] 1.  As a result, the court will focus solely on his claims stemming from his arrest on August 24, 2010.

## STANDARD OF REVIEW

In considering a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996). The issue is not whether the plaintiff will prevail but whether the plaintiff is entitled to pursue his complaint and offer evidence in support of his claims. *Doe v. Hillsboro Indep. Sch. Dist.,* 81 F.3d 1395, 1401 (5th Cir. 1996). Motions to dismiss are disfavored and are rarely granted. *Beanal v. Freeport-McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir. 1999). Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 164 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). "However, 'the complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from

---

[1] In his response to the motion to dismiss, Plaintiff alleges that the illegal arrest violated his due process rights under the Eighth and Fourteenth Amendments. Resp. [24] 2. Pursuant to this Court's obligation to read *pro se* pleadings liberally, it understands the Plaintiff to allege a violation of the warrant requirements of the Fourth Amendment imposed upon the state by the Fourteenth Amendment.

which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'" *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 420-421 (5th Cir. 2006)(quoting 3 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civ. 2d § 1216 at 156-159 (footnote omitted)). The Court does not accept conclusory allegations or unwarranted deductions of fact as true. *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994).

Ordinarily, the Court may not look beyond the pleadings in ruling on a 12(b)(6) motion. *Baker*, 75 F.3d at 196. However, in evaluating a motion which challenges the adequacy of a complaint under 12(b)(6) in a prisoner's *pro se* suit, this Court may look beyond the inmate's formal complaint and consider material subsequently filed as amendments to that complaint. *Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983). Furthermore, the Fifth Circuit has stated:

> [I]t is the responsibility of the courts to be sensitive to possible abuses [in the prison systems] in order to ensure that prisoner complaints, particularly *pro se* complaints, are not dismissed prematurely, however unlikely the set of facts postulated. An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light.... *Pro se* prisoner complaints must be read in a liberal fashion and should not be dismissed unless it appears beyond all doubt that the prisoner could prove no set of facts under which he would be entitled to relief.

*Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989)(quoting *Taylor v. Gibson*, 529 F.2d 709, 713-714 (5th Cir. 1976)).

To survive a motion to dismiss, plaintiffs are required to plead "enough facts to state a claim to relief that is plausible on its face" and his "factual allegations must be enough to raise a right to relief above the speculation level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), to the extent the Court concluded therein that a plaintiff can survive a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of

facts in support of his claims which would entitle him to relief"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Recently, the Supreme Court clarified that review of a 12(b)(6) motion is guided by two principles: one, a court must apply the presumption of truthfulness only to factual matters, and not to legal conclusions; and two, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*

## ANALYSIS

The plaintiff contends that no warrant had been issued at the time of his arrest by the Defendant and that the warrant now brought forth by the state to support the arrest is fraudulent and was created *ex post facto*. These claims must be examined against the well-settled understanding that an arrest made pursuant to a properly issued, facially valid warrant, "is simply not a false arrest. . . . and a complaint based on such an arrest is subject to dismissal for failure to state a claim." *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982). As the record before the Court contains a warrant dated August 20, 2010, four days before the arrest, the crux of the instant dispute is whether that warrant was "properly issued" meeting the constitutional criteria. *See* "Ex. E" attached Mot'n [20-5] 1. For his claim to survive a motion to dismiss, the Plaintiff must assert sufficient facts implicating the validity of the warrant to state a plausible claim for relief. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 207 (5th Cir. 2009) (Noting that in a false arrest claim, plaintiffs must allege facts permitting an inference that defendants lacked "arguable probable cause," that is probable cause that is at least reasonable although mistaken, for an arrest.). These facts must support a legal conclusion that the warrant was constitutionally improper. *Compare Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) ("The Fourth Amendment requires that arrest warrants be based upon probable cause . . . "), *with United*

*States v. Garcia-Avalino*, 444 F.3d 444, 447 (5th Cir. 2006) (" . . . a warrant for the arrest of a supervised releasee need not comply with the Oath or affirmation clause of the Fourth Amendment.").

Plaintiff first contends that the warrant does not exist on file with the MDOC records department and therefore it is must be fraudulent. Resp. [24] 4. Supporting this claim, Plaintiff asserts that on April 22, 2011, he requested all documents regarding his arrest from MDOC and a copy of the August 2010 warrant was not included. However, that a records department did not produce his warrant pursuant to his written request does not support a finding that the warrant is fraudulent or created after the arrest. That fact could stand for a host of conclusions, but it does not lead to a conclusion that warrant did not exist on August 24, 2010.[2] Yet even if the record department was not or never has been in possession of the August 2010 warrant, such a fact would not "raise a right to relief above the speculation level."*Twombly*, 550 U.S. at 555.

The Plaintiff also contends that his supervising officer was aware of the charges and did not issue a warrant and as a result, the warrant dated August 20, 2010 must be invalid. Resp. [24] 3. Although the Court must take these facts as true, the resulting legal conclusion receives no such benefit. That his supervising officer knew of the charges and did nothing is irrelevant; by statute "[a]ny field officer" is vested with the authority to arrest a parolee without a warrant based upon their judgment that the parolee violated his conditions of earned-release supervision or "deputize any other person with power of arrest to do so." MISS. CODE ANN. § 47-7-27. The warrant in question

---

[2]The court notes that Defendant was able to locate and attach a copy of the warrant as an exhibit to his Motion [20] to Dismiss. "Ex. E" attached Mot'n. [20-5] 1. So as this Court must take as true the failure of the records department to produce the warrant in response to the Plaintiff's request, it does note that proof of the warrant does exist in the Plaintiff's offender file at the Parchman records office. *Id.*`

is signed by Robert S. Olsen, a MDOC field officer with the statutory authority to issue warrants for the arrest of those he reasonably believes to be in violation of their Earned Release Certificate. The field officer needed no permission from the supervising officer to issue a warrant for the plaintiff's arrest. *See* "Ex. E" attached Mot'n [20-5] 1; "Ex. F" attached Mot'n [25-1] 1.

Next, the Plaintiff contends that because Officer Olsen presented him with another arrest warrant dated September 10, 2010 and a Rule Violation Report (hereinafter "RVR") on September 10, 2010, the August 20, 2010 warrant was invalid. Comp. [1] 2. Yet this fact also has no bearing on the validity of the warrant. The second warrant issued September 10, 2010, is a separate, consecutive warrant based upon a separate assortment of offenses to support the field officer's belief that Plaintiff had violated his earned-release conditions. Fuurthermore, the RVR dates back to the original warrant, citing the Plaintiff's date of arrest as "8/24/2010.""Ex. A" & "Ex. AA" attached Resp. [24-1] 1, 3. The fact that a second warrant for his arrest was issued and that he was presented with an RVR for his initial arrest at a later date have no bearing on the constitutionality of the August 20, 2010 warrant.

Lastly, Plaintiff alleges that his arrest was the product of a vendetta held against him by the Defendant and as a result was illegal. He supports the claim with a chronology of incidents between himself and the Defendant that lead up to his arrest. Compl. [1] 3-4. However, these facts likewise fall short of supporting a constitutional claim: "[o]nce a warrant is issued, or probable cause comes into existence, it becomes an officer's duty to arrest the suspect regardless of his personal feelings, good or ill, towards the suspect." *Smith v. Gonzales*, 670 F.2d 522, 527 (5th Cir. 1982) (citing *Perry v. Jones*, 506 F.2d 778, 780 (5th Cir. 1974)). The warrant was issued by Filed Officer Olsen on an independent finding of probable cause that the Plaintiff violated his Earned Release Certificate and it was the Defendant's obligation, despite his intentions towards the Plaintiff, to execute the warrant.

Any personal issues between the Plaintiff and the Defendant do not implicate the constitutionality of the warrant or the execution thereof.

The Court takes the facts that the MDOC did not produce the August 2010 warrant in response to the Plaintiff's April 2011 request, that his supervising officer knew of his guilty plea and that the Defendant and Plaintiff had an ongoing dispute as true; however, these facts are not sufficient to lend his claims facial plausibility. As the Plaintiff has failed to assert facts that create an inference that the Defendant may be liable under § 1983 for his conduct, his claims are subject to dismissal under FED. R. CIV. P. Rule 12. *Rykers v. Alford*, 832 F.2d 895, 898 (5th Cir. 1987) ("This Court has repeatedly held that a claim for false arrest or analogous torts is subject to dismissal for failure to state a claim when the arrest is made under a properly issued, facially valid warrant."). Accordingly, the Court recommends that the Defendant's Motion [20] to Dismiss should be granted and all claims against him be dismissed with prejudice.

## CONCLUSION

The Plaintiff claims a violation of his constitutional rights by an illegal search of his father's home and false arrest on August 24, 2010. In his Response [24], Plaintiff withdrew his claims based upon the search of his father's home. After a review of the pleadings and Defendant's Motion [20] to Dismiss and accompanying Memorandum [21] in Support, the arrest was made pursuant to a warrant issued by the MDOC dated August 20, 2010. The Plaintiff claims this warrant is invalid yet has not plead sufficient facts to "raise [his] right to relief above the speculation level." *Twombly*, 550 U.S. at 555. Accordingly, this Court recommends that the Defendant's Motion [20] to Dismiss be granted and all claims lodged by the Plaintiff against Defendant Detective Adam Gibbons be dismissed with prejudice.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the ___23rd___ day of November, 2011.

                                                      *s/ John M. Roper, Sr.*
                                     CHIEF UNITED STATES MAGISTRATE JUDGE