**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**GARRETT EUGENE RAY #R5536**                                                    **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO. 1:10cv572-HSO-JMR**

**DETECTIVE ADAM GIBBONS #6155,
ALAN WEATHERFORD, CHIEF OF GULFPORT
POLICE DEPARTMENT and ROBERT S. OLSEN**            **DEFENDANTS**

## REPORT & RECOMMENDATION

This matter is before the Court on a Motion [48] to Dismiss filed by Defendant Alan Weatherford [Weatherford] pursuant to Federal Rules of Civil Procedure 12 and/or 56. The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds that Defendant Weatherford's Motion [48] to Dismiss should be granted.

## STATEMENT OF THE CASE

Plaintiff, Garrett Eugene Ray, ("Ray") was arrested on August 20, 2010, pursuant to a warrant issued by the Mississippi Department of Corrections for an alleged violation of his earned release certificate. (Ct. R., Doc 20-5.) On December 16, 2010, Ray filed this *pro se* § 1983 action alleging an unlawful arrest on August 24, 2010, in violation of his Fourth and Fourteenth Amendment rights. (Ct. R., Doc. 1-1.)

Ray contends that he has been harassed by officer Adam Gibbons as evidenced by Ray's arrest on May 8, 2010, and continuing to August 24, 2010. (Ct. R., Doc. 39, p. 1.) Ray claims he called the Gulfport Police Department to register a complaint against Gibbons but "nothing was done about the complaint." (*Id.*, p. 2.) Ray claims he was "illegally arrested" on August 24, 2010, by Gibbons arguing that there was no warrant for his arrest pending. (*Id.*)

According to Ray, Weatherford allegedly had knowledge of Gibbons' actions and did not

take measures to discipline Gibbons for the alleged wrongdoing. (*Id.*)  Ray maintains that because Weatherford was Chief of the Gulfport Police Department, he should review and monitor conduct and operation of each officer employed at the department and discipline the officer after a proper investigation of alleged wrongdoing and complaints issued against an officer. (*Id.*)  Ray claims that because Weatherford did not take reasonable measures to abate Gibbons, Ray was a victim of harassment and illegal arrest. (*Id.*)  None of these allegations are listed in the complaint.

According to Weatherford, Ray's complaint fails to state a claim upon which relief may be granted. (Ct. R., Doc. 48, p. 2.)  The complaint and/or any document which supplements that complaint does not implicate Weatherford personally. (*Id.*, p. 3.)  Weatherford maintains that he was sued in his official capacity only and that Ray has failed to even allege that a policy or custom was the moving force behind any alleged violation. (*Id.*)

## STANDARD OF REVIEW

In considering a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996). The issue is not whether the plaintiff will prevail but whether the plaintiff is entitled to pursue his complaint and offer evidence in support of his claims. *See Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252 (5th Cir. 2005).  Motions to dismiss are disfavored and are rarely granted. *Beanal v. Freeport-McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir. 1999). Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 164 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-6 (1957)). "However, 'the complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'" *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied* 549 U.S. 825.

The Court does not accept conclusory allegations or unwarranted deductions of fact as true. *Tuchman v. DSC Comm'ns Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994).

Ordinarily, the Court may not look beyond the pleadings in ruling on a 12(b)(6) motion. *Baker,* 75 F.3d at 196. However, in evaluating a motion which challenges the adequacy of a complaint under 12(b)(6) in a prisoner's *pro se* suit, this Court must look beyond the inmate's formal complaint and consider material subsequently filed as amendments to that complaint. *Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983). Furthermore, the Fifth Circuit has stated:

> [I]t is the responsibility of the courts to be sensitive to possible abuses [in the prison systems] in order to ensure that prisoner complaints, particularly *pro se* complaints, are not dismissed prematurely, however unlikely the set of facts postulated. An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light.... *Pro se* prisoner complaints must be read in a liberal fashion and should not be dismissed unless it appears beyond all doubt that the prisoner could prove no set of facts under which he would be entitled to relief.

*Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (quoting *Taylor v. Gibson*, 529 F.2d 709, 713-14 (5th Cir. 1976)).

## ANALYSIS

Under 42 U.S.C. § 1983, liability may be imposed upon any person who, acting under the color of state law, deprives another of federally protected rights. There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-4 (5th Cir. 1987). "Rather, a plaintiff must show either the supervisor personally was involved in the constitutional violation or that there is a 'sufficient causal connection' between the supervisor's conduct and the constitutional violation." *Evett v. DETNTFF,* 330 F.3d 681, 689 (5th Cir. 2003). A plaintiff must show either that the police chief was personally involved in the constitutional violation or that there is a sufficient causal connection between the police chief's conduct and the constitutional violation. *See Rios,* 444 F.3d at 425.

Here, there is no evidence that Weatherford was personally involved in the alleged

incident involving Gibbons. Although Ray contends that Weatherford failed to supervise Gibbons, he provided no evidence in support of such a claim. *See Thompson v. Upshur County,* 245 F.3d 447, 459 (5th Cir. 2001) (explaining that supervisory liability under § 1983 requires proof that the supervisor failed to supervise the officer involved; that there is a causal connection between the alleged failure to supervise and the constitutional violation; and that the failure to supervise constituted deliberate indifference to the plaintiff's constitutional rights.

In order to hold a municipality liable under § 1983 for the misconduct of one of its employees, a plaintiff must allege that the municipality caused the constitutional violation through its policies or customs. *See Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978); *Spiller v. City of Texas City, Police Dep't,* 130 F.3d 162, 167 (5th Cir. 1997). Ray has failed to identify any policy, practice, or custom on the part of the City that could be causally related to Gibbons' actions. *Kohler v. Englade*, 470 F.3d 1104, 1115 (5th Cir. 2006). There is simply no basis for holding Weatherford liable for any acts in an official capacity. The Court, therefore, recommends that Weatherford's motion to dismiss should be granted and all claims against him be dismissed with prejudice.

## CONCLUSION

Based on the forgoing analysis, this Court is of the opinion that Ray's Complaint, when considered in conjunction with all subsequent pleadings, fails to state a claim upon which relief can be granted. Accordingly, this Court recommends that Defendant's Motion [48] to Dismiss should be granted

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate

Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1415, 1428-9 (5th Cir. 1996).

This the 14th day of May, 2012.

                                                                               s/ John M. Roper
                                        CHIEF UNITED STATES MAGISTRATE JUDGE