IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GARRETT EUGENE RAY #R5536                                               PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 1:10cv572-JMR

ROBERT S. OLSEN                                                          DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on a Motion [90] for Summary Judgment filed by Defendant Robert S. Olsen [Olsen] pursuant to Federal Rules of Civil Procedure 56. Also pending before the Court are Garrett Eugene Ray's [Ray] Motions for Discovery [81]; for Entry of Default [83]; to Address [85] certain factors in his claims; and to Request Subpoena [86]. The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds that the Motion for Summary Judgment [90] should be granted. The Court further finds that Ray's motions should be denied as moot.

### Statement of the Case

Ray was arrested on August 24, 2010, based on a warrant issued by the Mississippi Department of Corrections [MDOC] for an alleged violation of his earned release certificate. [20-5.] On December 16, 2010, Ray filed this *pro se* § 1983 action alleging an unlawful arrest on August 24, 2010, in violation of his Fourth and Fourteenth Amendment rights. [1-1.] Ray contends that he was released from custody under Earned Release Supervision [ERS] at the time of his arrest. [38.] The arrest warrant was issued based on Olsen's belief that Ray had violated the conditions of his earned release by pleading guilty to charges of a traffic violation and intimidating obstructing officers and witness. [38-1, p. 2.] Olsen was a MDOC field [probation] officer at the time of the incident.

Ray contends that his arrest violated his constitutional rights because Olsen allegedly

failed to properly file the arrest warrant under the rules concerning a violation of ERS. [38, p. 4.] Ray claims that the warrant Olsen signed was not properly issued under MDOC policies. [92, p. 3.] Olsen allegedly did not serve the copy of the Report and Rule Violation report [RVR] within 24 hours as required by procedures. [92, p. 7.] Ray contends that the RVR was written August 24, 2010, and not served until September 10, 2010. (*Id.*) He claims that the RVR did not include the original warrant for Ray's arrest, as called for in MDOC policies. [92, p. 8.] Ray claims that two different warrants were issued by Olsen for Ray's arrest; one warrant dated August 20, 2010, in which Ray was cited for entering a guilty plea to charges of a seatbelt violation and intimidating or obstructing officers, and one warrant dated September 10, 2010, and indicating that Ray was arrested on charges of impeding the duties of police officers, including destruction of evidence, disturbing the peace and traffic violations. [92, p. 8; 20-5; 1-1, p. 5.] Ray states that he was "found guilty of the RVR even after disciplinary officer [sic] was aware of all the administrative errors on the RVR." [92, pp. 8-9.] Ray does not indicate when the hearing took place. He seeks reinstatement of good time credits allegedly taken from him, and monetary damages for each day spent incarcerated on unconstitutional findings. [38, p. 6.]

Olsen avers that he issued a warrant for Ray's arrest in August 2010 after Olsen learned that Ray was cited for "various offenses" by the Gulfport Police Department. [25-1, p. 2.] Olsen also filed a RVR and another warrant on September 10, 2010. [25-1, p. 2.]

According to the Defendant, federal law claims asserted against Olsen in his official capacity are barred by the Eleventh Amendment. [90, p. 3.] A suit against state personnel named in their official capacities is actually a suit against the State. [90, p. 4.] Accordingly, Olsen contends that any official capacity claims against him should be dismissed. [90, p. 5.] In addition, Olsen asserts that the State has not waived its Eleventh Amendment immunity in this suit barring

any official capacity claim against the State. [90, p. 5.] In addition, Olsen contends that he is entitled to qualified immunity for any claim advanced against him in his individual capacity. [90, p. 6.]

## Discussion

Qualified immunity protects "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In considering qualified immunity, the court must first determine whether the facts "taken in the light most favorable to the party asserting the injury . . . show that the [defendant's] conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Then the court must determine whether the right was clearly established at the time of the alleged violation so that a reasonable official in those circumstances would have understood that he was violating that right. *Saucier*, 533 U.S. at 201; *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 380 (5th Cir. 2005). Olsen contends that Ray has not demonstrated a violation of a clearly established right in this case. [90, p. 8.] A violation of an individual's ERS status does not give rise to a constitutional violation. *Havard v. Jones*, 2011 WL 5835110 (S.D. Miss.)

Olsen also asserts that the arrest warrant was valid under Mississippi law, because by statute, "Any field officer is vested with the authority to arrest a parolee without a warrant based on their personal judgment that the parolee violated his conditions of ERS or deputize any other person with power of arrest to do so." MISS. CODE ANN. § 47-7-27. Parole officials are entitled to absolute immunity from lawsuits for actions that they take that are analogous to those actions taken by prosecutors. *Hodorowski v. Ray,* 844 F.2d 1210, 1213 (5th Cir. 1988); *Hulsey v. Owens*,

3

63 F.3d 354, 356 (5th Cir. 1995). Parole revocation proceedings are quasi-judicial in function and entitle Olsen to absolute immunity. *Farrish v. Mississippi State Parole Board*, 836 F.2d 969, 976 n.13 (5th Cir. 1988); *Johnson v. Kegans*, 870 F.2d 992, 997 (5th Cir.), *cert. denied* 492 U.S. 921 (1989). The Court, therefore, concludes that the summary judgment motion should be granted because Olsen is entitled to absolute immunity for his actions in both his individual and official capacities.

In addition, the Court finds that Ray has failed to establish that his due process rights were violated. Ray is not challenging the revocation procedure. Ray asserts that Olsen did not properly submit the matter to the hearing officer according to procedures. He does not contend that he was denied an opportunity to refute the information presented to support the RVR and does not claim that he was deprived of the chance to present what he claimed were the true facts or demonstrate mitigating circumstances at any stage of the revocation proceeding. Thus, he has failed to establish that due process violation occurred during his revocation proceedings, and has failed to establish a violation of his constitutional rights.

Finally, the Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State. *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 98 (1984). A state may expressly waive this Eleventh Amendment immunity. A claim for monetary damages may not be imposed against a state entity, whether it stems from federal or state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). State law claims brought in federal court against the State and its departments are precluded under the Eleventh Amendment. *Richardson v. Southern Univ.*, 118 F.3d 450, 453 (5th Cir. 1997). In addition, suits against state officials for monetary damages are barred under the Eleventh Amendment if the damages would be paid out of the state treasury. *Ford Motor Co. v.*

4

*Department of Treasury of Ind.*, 323 U.S. 459, 464 (1945); *see Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 426-430 (1997). Any state agency that may be properly characterized as an arm of the state is covered by Eleventh Amendment immunity. *Porce v. St. Tammany Parish Sheriff's Office*, 67 F.2d 631, 632 (E.D. La. 1999). The State has not waived its Eleventh Amendment immunity in this case, which bars any claim for monetary damages advanced by Ray in this case.

This determination renders each of Ray's motions moot and the Court finds that those motions for Discovery [81]; for Entry of Default [83]; to Address [85] certain factors in his claims; and to Request Subpoena [86] should be denied.

## CONCLUSION

Pursuant to the foregoing analysis, this Court finds that the Plaintiff has not presented any facts that create a genuine issue of material fact with regard to the Defendants' official or individual liability for a violation of the Plaintiff's constitutional or state law rights. Accordingly, the Court finds that the Defendant's Motion [90] for Summary Judgment should be granted as to all of the Plaintiff's claims brought against Olsen whether advanced in his individual or official capacities, should be dismissed with prejudice. In addition, the Court finds that Ray's Motions for Discovery [81]; for Entry of Default [83]; to Address [85] certain factors in his claims; and to Request Subpoena [86] should be denied. A separate Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue. Each party shall bear their respective costs associated with this motion.

DATED, this the 10th day of May, 2013.

*s/ John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE